## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Alvin Watson, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br><br><br>-v.-<br>Mandarich Law Group, LLP; LVNV Funding, LLC,<br><br>Defendant(s). | C.A. No: 1:23-cv-20762<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Alvin Watson (hereinafter "Plaintiff") brings this Class Action Complaint by and through his attorneys, against the defendants Mandarich Law Group, LLP ("Mandarich") and LVNV Funding, LLC ("LVNV") (collectively, "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1.     Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive,

deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.       Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.       The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of Florida, County of Miami-Dade.

8.     Defendant Mandarich is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with a principal place of business located at 766 Sun Drive, Lake Mary, Florida 32746.

9.     Upon information and belief, Defendant Mandarich is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA and is registered to accept service of process through its registered agent, c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

11.     Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12.     Plaintiff brings these claims on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

a.  all individuals with addresses in the State of Florida;

b.  to whom the Defendant Mandarich sent a collection communication;

c.  attempting to collect a consumer debt on behalf of Defendant LVNV;

d.  that included costs associated with a collection action despite the prior dismissal of the collection action concerning the debt; and

e.  which communication was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14.     The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect debts and/or have purchased debts.

15.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their

respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers seeking collection action costs, despite prior collection action dismissal in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

17.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

18.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

> a.  **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers seeking collection action costs, despite prior collection action dismissal in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

c. **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

22. Some time prior to March 30, 2022, Plaintiff allegedly incurred an obligation that, through one or more transactions, was purchased by LVNV following default on the subject debt.

23. The LVNV obligation arose out of transactions which were primarily for personal, family or household purposes.

24. The alleged LVNV obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Defendant LVNV collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

26. According to the Collection Action (defined below), LVNV placed the debt with the Defendant Mandarich to collect upon.

27. Defendant Mandarich collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

28. Defendant LVNV has policies and procedures in place that govern the Defendant Mandarich's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing the Defendant LVNV's control over the Defendant Mandarich's collection practices.

29.     By virtue of the relationship between the two Defendants, Defendant LVNV exercised control over the Defendant Mandarich while the latter was engaged in collecting the subject debt on behalf of the former.

30.     Therefore, Defendant LVNV should be held vicariously liable for any and all violations committed by the Defendant Mandarich.

31.     Therefore, both Defendants are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

<u>*Violations*</u>

32.     On or about March 31, 2022, a collection action ("Collection Action") commenced to collect the debt by Defendant Mandarich, on behalf of Defendant LVNV, was dismissed without prejudice for lack of prosecution. A true and correct copy of the Collection Action dismissal, ordered by the County Court of the Eleventh Judicial Circuit and for Miami-Dade County, Case No. 2020-020120-SP-05, is attached hereto as Exhibit A.

33.     Thereafter, on or about June 6, 2022, Defendant Mandarich, on behalf of Defendant LVNV, issued a discounted monthly payment offer to Plaintiff's representative(s) (the "Communication") as the preferred method of payment over lump sum form.

34.     However, the Communication seeks to collect $246.50 in costs.

35.     Upon information and belief, the $246.50 represents the costs associated with the Collection Action, despite its dismissal on account of Defendants' failure to prosecute.

36.     Thus, upon information and belief, the Communication seeks to collect impermissible costs from the Plaintiff.

37.     Moreover, upon information and belief, the Communication seeks to collect costs not owed by the Plaintiff.

38.     Additionally, upon information and belief, the Communication seeks to collect costs that are not expressly authorized by the agreement creating the debt or permitted by law.

39.     The foregoing Communication is misleading and deceptive.

40.     Failing to itemize the "costs" is misleading and deceptive because it does not properly advise that a portion (or all) of the costs includes costs associated with the dismissed Collection Action.

41.     Plaintiff was materially misled by these deceptive statements because he was unable to ascertain the exact amount owed on the alleged debt and the makeup of that total amount owed.

42.     Defendants deceptively tried to make it appear that the costs were legitimate by using the generic term "costs" instead of itemizing same to reveal the improper amount related to the dismissed Collection Action.

43.     These violations by the Defendants were knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

44.     Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it.

45.     Defendants' actions caused the Plaintiff to suspect there was fraud involved with this collection.

46.     Plaintiff was therefore unable to evaluate his options of how to handle this debt.

47.     Plaintiff was therefore unable to make a payment on the debt.

48.     Plaintiff was unable to pay because he does not know what comprises the actual balance.

49.     Plaintiff cannot pay the alleged debt, trusting the Defendants, when it appears that the amount stated in the Defendants' Communication is incorrect.

50.     Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

51.     Plaintiff's failure to pay the debt arose from the Communication, alone, because the Plaintiff believes it was an attempt to collect monies not owed.

52.     Because of this, Plaintiff suffered financial harm in the form of a lost opportunity to make monthly payments to resolve the debt at a discount.

53.     In reliance on the Communication, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

54.     Additionally, in reliance on the Communication, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

55.     Plaintiff's reliance on the Communication, and the resulting inaction/non-payment, caused the Defendants' furnishment, and the ultimate dissemination to third parties, of negative credit reporting to the Plaintiff's financial and reputational detriment.

56.     Thus, Defendants' improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff reputational harm.

57.     Additionally, Defendants' improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff financial harm.

58.     Defendants' improper acts, and the Plaintiff's reliance thereon, also caused the Plaintiff emotional harm in the form of anxiety and stress.

59.     Plaintiff's reputational and emotional harm manifested itself physically in the form of restlessness.

60.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

61.     As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

62.     Plaintiff is entitled to receive proper notice of the character and amount of the debt, as required by the FDCPA.

63.     Defendants failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

64.     Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

65.     Defendants' deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection

efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

66.     Defendants' actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendants' debt collection.

67.     Plaintiff was misled to his detriment by the statements in the Communication, and relied on the content of the Communication to his detriment.

68.     Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

69.     As a result of the Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

70.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

71.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

72.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

73.     Defendants violated § 1692e:

    a.  As the Communication it is open to more than one reasonable interpretation, at least one of which is inaccurate;

    b.  By falsely representing the character, amount, or legal status of the debt in violation of §1692e(2)(A);

    c.  By making a false and misleading representation in violation of §1692e(10).

74.     By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e et seq. of the FDCPA, and the Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

75.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

76.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

77.     Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

78.     Defendants violated said section by:

a.  Failing to itemize the costs in order to avoid disclosing same were related to the dismissed Collection Action; and

b.  Attempting the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

79.     By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

80.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alvin Watson, individually and on behalf of all others similarly situated, demands judgment from the Defendants as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned, as Class Counsel;

2.      Awarding the Plaintiff and the Class statutory damages;

3.      Awarding the Plaintiff and the Class actual damages;

4.      Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 28, 2023                    Respectfully submitted,

**ZEIG LAW FIRM, LLC**
*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Justin@zeiglawfirm.com
*Attorney for Plaintiff*